Qiang Ma (SBN 176834)
Law Offices of Qiang Ma
1120 Huntington Drive
San Marino, California 91108
Telephone: (626) 576-4857
jamesqma@gmail.com

Attorney for Plaintiff
YI ZHU

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| YI ZHU, an Individual<br><br>       Plaintiff,<br><br>  vs.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES; LORI MACKENZIE, Division Chief of the Immigrant Investor Program Office; DONALD NEUFELD, Associate Director of the California Service Center; LEE FRANCIS CESSNA, Director of United States Citizenship and Immigration Services; KEVIN MCALEENAN, Secretary of Department of Homeland Security; THE UNITED STATES OF AMERICA; and DOES 1-50, INCLUSIVE;<br>       Defendants. | Case No.: 2:19-cv-4332<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

   1.   Ms. Yi Zhu, a Chinese national ("Ms. Zhu" or the "Plaintiff") filed form I-526 as an EB-5 petition on February 13, 2015 at the California Service Center, which was designated to process I-526 petitions at the time of filing the I-526 petitions.

   2.   The petition is to classify her as an investor entrepreneur. On 12/29/2015, The United States Citizenship and Immigration Services ("USCIS") denied her petition on September 15, 2017, subsequent to the receipt of additional documents submitted pursuant to the request for additional evidence.

3. Ms. Zhu filed a timely motion to reopen the petition. The motion to reopen was forwarded by the USCIS. The USCIS' Administrative Appeal Office ("AAO"), which ultimately denied on September 19, 2018.

4. USCIS's denial of the petition is arbitrary, capricious and an abuse of discretion, unsupported by substantial evidence in the record, and not in accordance with law.

5. Plaintiff seeks an order overturning USCIS's decision and requiring USCIS to adjudicate and approve the I-526 petition.

## THE PARTIES

6. Plaintiff Yi Zhu is an investor from China. She is currently residing in Los Angeles, California.

7. Defendant DONALD NEUFELD is the Associate Director of California Service Center. The California Service Center is the office within the US Citizenship and Immigration Services that processed Plaintiff's I-526 petition. All I-526 petitions filed by petitioners residing in the State of California are required to file at the California Service Center. Defendant DONALD NEUFELD is being sued in his official capacity as the Associate Director of the California Service Center.

8. Defendant LORI MACKENZIE is the Division Chief of the Immigrant Investor Program Office. The Immigrant Investor Program Office is the office within the US Citizenship and Immigration Services that denied Plaintiff's I-526 petition.

9. Defendant LEE FRANCIS CESSNA is the Director of U.S. Citizenship and Immigration Services. Defendant LEE FRANCIS CESSNA is sued in his official capacity as the Director of U.S. Citizenship and Immigration, the executive officer with authority over USCIS.

10. Defendant USCIS is the administrative agency of the United States responsible for the adjudication of the I-526 petition that the Plaintiff filed. USCIS is a bureau within the Department of Homeland Security ("DHS").

11. Defendant KEVIN MCALEENAN is the Secretary of the U.S. Department of Homeland Security. USCIS is a bureau within DHS, and DHS is the agency of the United States that is ultimately responsible for the enforcement of immigration laws and granting immigration benefits. Defendant KEVIN MCALEENAN is sued in his official capacity as the Secretary of the Department of Homeland Security, the executive officer with authority over USCIS.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

12. Defendant UNITED STATES OF AMERICA is responsible for the adjudication of immigration petitions, including the petition filed by the Plaintiff.

13. Venue properly lies in the Central District of California pursuant to 28 U.S.C. §1391(e) and 28 U.S.C. §1402(b) because the United States government is a defendant, the cause of action arises in this judicial district, and the Plaintiff resides in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. There are no administrative remedies that are available to the Plaintiff since the AAO dismissed her appeal.

## FACTUAL BACKGROUND

15. Plaintiff and two other investors, each invested $500,000 in a new commercial enterprise linked Progress, Inc. (the "NCE"), in 2014 and 2015. On June 1, 2014, the NCE signed a contract with Spit Fire Restaurant 1, LLC, a Delaware limited company to purchase the assets, including the good will, the lease, furniture and equipment, and the Type 47 liquor license owned by the seller of a long-closed restaurant called Cheval Bistro in the City of Pasadena, California and paid $150,000 to the previous owner of the restaurant.

16. The Restaurant Cheval Bistro was closed for more than three years before the transaction. It did not hire any employees at the time of the purchase.

17. Cheval in French means Horse. The NCE originally considered to use Cheval as its DBA, it finally chose White Horse Lounge for the new restaurant.

18. On May 21, 2015, The NCE had the grand opening for the Restaurant White Horse Lounge, which has been in operation since.

19. Thereafter, Plaintiff has submitted sufficient documents to the USCIS to establish the NCE has engaged in actual business activity.

20. Plaintiff demonstrated that her capital investment has been placed at risk. The NCE has engaged in actual business activities by continuously operating a restaurant.

21. Plaintiff submitted documents to demonstrate that the NCE has hired sufficient employees.

22. With regards to job creation, Plaintiff presented a number of documents to the USCIS, such as the payroll records, form 941, DE9, etc. and demonstrated that the restaurant owner had hired 25 to 27

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

full-time employees in 2017. As of April 2019, the restaurant hires more than 30 full-time employees

23. Plaintiff is able to demonstrate that the NCE has created more than 30 full-time positions that are filled by qualified employees. Plaintiff submitted to the USCIS documents such as the organizational charts and list of employees, Form 941, DE9, payroll record, W-4 forms, copies of US birth certificates, US passports, and green cards to show the employees were qualified.

24. Furthermore, Plaintiff presented documents to demonstrate she invested $500,000 in the NCE, which has been placed at risk when the NCE opens and operates the Restaurant White Horse Lounge.

## CLAIM

25. The USCIS decision denying the Plaintiff's I-526 petition violates the governing statute and regulations, is arbitrary and capricious, is an abuse of discretion, is unsupported by substantial evidence, and is not in accordance with law. The Plaintiff has met her burden of proof and is entitled to have her I-526 petition approved.

## RELIEF REQUESTED

WHEREFORE, the Plaintiff pray for judgment against the Defendant and requests that the court shall:

1. Declare that USCIS's denial of Plaintiff's I-526 petition is unlawful;
2. Order USCIS to approve Plaintiff's I-526 petition;
3. Award the Plaintiff attorney's fees and costs; and
4. Grant such other relief as is appropriate.

DATED: May 19, 2019                               LAW OFFICES OF QIANG MA

By:_____/s/ Qiang Ma_____
    Qiang Ma
    Attorney for Plaintiff
    Yi Zhu